## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

IRINA PAOLA MANDIQUE DURAN,   )
                                    )

      Petitioner,               )
                                     )

v.                             )   Case No. CIV-26-507-G
                                   )

MARKWAYNE MULLIN, in his official )
capacity as Secretary of the Department )
of Homeland Security, et al.,      )
                                   )

      Respondents.[1]      )

## <u>ORDER</u>

Petitioner Irina Paola Mandique Duran, appearing through counsel, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging her detention by U.S. Immigration and Customs Enforcement.   At the time the Petition was filed, Petitioner was in custody at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 4.

Petitioner has also filed an Emergency Motion for Temporary Restraining Order (Doc. No. 4).

The undersigned has examined the Petition and ORDERS as follows:

1. **Within seven (7) days** of the date of this Order, Respondents shall file any response to Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 4).

2. **Within fourteen (14) days** of the date of this Order, Respondents shall file an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases

---

[1] Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, is hereby substituted as respondent for Kristi Noem pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

in the United States District Courts.[2]  Alternatively, Respondents may file a pre-answer motion.

    a.  If Respondents file an answer, Petitioner may file a reply **within seven (7) days** after the date the answer was filed.  *See* R. 5(e), R. Governing § 2254 Cases in U.S. Dist. Cts.

    b.  If Respondents file a motion, Petitioner may file a response **within ten (10) days after the date** the motion was filed.  *See* LCvR 7.1(g).

3.  The Petition alleges that Petitioner is confined within the territorial jurisdiction of the Western District of Oklahoma.  So that counsel may have knowledge of Petitioner's whereabouts and maintain the ability to communicate with her:

    a.  Respondents shall file written notice at least seventy-two hours before any instance of removing, transferring, relocating, or otherwise moving Petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma.

    b.  If Respondents contest that Petitioner is presently being held within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written notice stating the name and location of the facility in which Petitioner is confined.  Such notice shall be provided promptly after Respondents become aware of Petitioner's location.

4.  In accordance with the agreement between the Clerk of Court and the United States Attorney for the Western District of Oklahoma, the Clerk of Court is directed to send copies of each filing entered in this matter as of the date of this Order via email to the United States Attorney for the Western District of Oklahoma for acceptance on behalf of Respondents.

5.  The Clerk of Court is further directed not to issue summonses.  *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

---

[2] The Court may apply the Rules governing 28 U.S.C. § 2254 cases to habeas petitions arising under 28 U.S.C. § 2241.  *See* R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Cts.; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

IT IS SO ORDERED this 14th day of May, 2026.

CHARLES B. GOODWIN
United States District Judge