**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IRINA PAOLA MANDIQUE DURAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-507-G** |
| | ) | |
| **MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# ORDER

Petitioner Irina Paola Mandique Duran filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 10), and Petitioner has replied (Doc. No. 11). Petitioner also filed a Motion for Order to Show Cause (Doc. No. 3) and a Motion for Temporary Restraining Order (Doc. No. 4), to which Respondents filed a combined Response (Doc. No. 9). Petitioner has also filed a Supplement (Doc. No. 12).

[1] David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement, is hereby substituted as respondent for Todd M. Lyons pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Markwayne Mullin, Secretary of the Department of Homeland Security; Acting Director Venturella; and Field Office Director, ICE Enforcement and Removal Operations, Prairieland Field Office.

*I. Background*

Petitioner "is a citizen and national of Venezuela" who "entered the United States on or about October 8, 2022." Pet. ¶¶ 20-21. Petitioner was "placed in removal proceedings and charged as removable" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) due to being present in the United States "without being admitted or paroled." Answer at 8. Petitioner alleges that she was thereafter "paroled into the United States by the Department of Homeland Security" ("DHS"). Pet. ¶ 21. Petitioner "applied for asylum," and DHS "granted Petitioner employment authorization, recognizing her eligibility to reside and work in the United States while her immigration case remains pending." *Id.* ¶¶ 22-23.

"On or about January 5, 2026, Petitioner appeared for a scheduled ICE reporting appointment" in Dallas, Texas. *Id.* ¶ 25. At that time, ICE took Petitioner into custody. *Id.* Petitioner is now housed at Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* ¶ 28. According to Respondents, on March 12, 2026, Petitioner's request for a "bond redetermination" was "denied for lack of jurisdiction" pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). Answer at 9; *see also id.* Ex. 3 (Doc. No. 10-3) at 1-2. Petitioner states that the authority of Immigration Courts to release certain noncitizens on bond is limited by *Hurtado,* in which the Board of Immigration Appeals held that, pursuant to 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. *See* Pet. ¶ 38.[2]

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act]

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

As relevant here, Petitioner argues that Respondents have violated the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., by detaining her pursuant to 8 U.S.C. § 1225(b)(2)(A) and refusing "to provide [her] with an individualized custody redetermination hearing." Pet. ¶¶ 44-53. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *See id.* at 16-17.

Invoking multiple statutory interpretation arguments, Respondents argue that "Petitioner is an arriving alien" who is "detained under § 1225(b)(2)(A)" because she is both an "applicant for admission" and "seeking admission." Answer at 9-16 (internal quotation marks omitted); *see also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

### *B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the parties' briefing, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were

---

may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 21, 25; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Answer at 9. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," she is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
2. Petitioner's Motions (Doc. Nos. 3, 4) are DENIED as moot;
3. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

CHARLES B. GOODWIN
United States District Judge